UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
REGION 17
8600 FARLEY ST
Suite 100
OVERLAND PARK, KS 66212-4676

Agency Website: www.nlrb.gov
Telephone: (913)967-3000
Fax: (913)967-3010

March 29, 2012

THOMAS LAW FIRM, PLLC
1621 S HARVARD AVE
TULSA, OK 74112-6823

        Re:    All Steel Construction, Inc.
               Case 17-CA-072271

Dear

      We have carefully investigated and considered your charge that ALL STEEL CONSTRUCTION, INC. has violated the National Labor Relations Act.

**Decision to Dismiss:**

  Based on that investigation, I have decided to dismiss your charge for the reasons discussed below.

      The investigation disclosed insufficient evidence that the Employer, a construction industry contractor, unlawfully refused to recognize and bargain with the International Union of Operating Engineers Local 627 ("the Union") as the exclusive bargaining representative of its employees. Rather, the investigation established that the parties had a pre-hire relationship as defined by Section 8(f) of the Act and thus under established law the Employer was privileged to repudiate its bargaining relationship with the Union upon the expiration of the collective-bargaining agreement on May 31, 2011.

      In the construction industry, a bargaining relationship is presumed to be based upon Section 8(f) rather than Section 9(a) of the Act unless the evidence establishes that recognition was based upon a showing of majority status by the Union. The burden to establish the Section 9(a) relationship rests with the party asserting that bargaining status. The crux of the Union's case is that the Employer had a continuing bargaining obligation under Section 9(a) because the language in the expired collective bargaining agreement between the Union and the Oklahoma Commercial and Industrial Builders and Steel Erectors Association ("Association") asserted that the recognition of the Union as the collective bargaining representative was predicated on an offer by the Union to demonstrate its majority support among the unit employees and, although the Employer was not a member of the Association, that the Employer's execution of successive Memoranda of Agreement (MOA) with the Union agreeing to be bound to the terms and provisions of Association's collective bargaining agreement bound the Employer to the recognition language in the Association agreement.

      However, the evidence does not support the Union's claim. The MOA expressly stated that the Employer would not be bound by modifications or renewals of the Association collective

# EXHIBIT 1

All Steel Construction, Inc.                         - 2 -    March 29, 2012
Case 17-CA-072271


bargaining agreement without additional negotiations with the Employer and neither the MOA nor the underlying agreement contained a rollover or evergreen provision.  Although the Union negotiated a new Association collective bargaining agreement  effective June 1, 2011 to May 31, 2014, the investigation failed to establish that the Employer was a member of  the Association at any time, or that the Employer signed an agreement to be bound by the new Association collective bargaining agreement. Further, the Union did not request that the Employer bargain a successor MOA to the agreement which expired  May 31, 2011. Accordingly, the current evidence fails to establish that the Employer is currently bound by any collective bargaining agreement or memorandum of understanding with the Union.  Moreover, the recognition language in the expired Association agreement appears expressly limited to Association members, which the Employer was not and also appears to be arguably limited to the term of the contract by language immediately preceding the recognition language. Given the ambiguity of the recognition agreement, extant Board law requires the examination of extrinsic evidence to determine whether Section 9(a) status was achieved.  In that context, the investigation revealed that the Union never offered or produced proof of majority status to support Section 9(a) recognition by the Employer. Since the expiration of the MOA the Employer's overall conduct, including the hiring of employees outside of the hiring hall with the Union's knowledge and advising employees that it did not have a contract with the Union, has been consistent with the Employer's view that it did not have a bargaining obligation.  To the extent that the Employer may have sought referrals during a very limited time frame after the expiration of the MOA, proof of majority status cannot be established through union membership or the operation of an exclusive hiring hall. When the ambiguity of the recognition language is noted in conjunction with the Union's admission that it never presented the Employer proof of majority status but rather sought to rely upon the employment of union members obtained through the hiring hall to establish majority status, it appears that the contract language cannot be relied upon to establish Section 9(a) status.  The Board has consistently held that proof of majority status cannot be established through the operation of an exclusive hiring hall.  Hence, the Employer was free to terminate its bargaining relationship with the Union after May 31, 2011 because the bargaining relationship was based on  Section 8(f).  Finally, because this was a Section 8(f) relationship, upon expiration of the MOA the Employer was free to negotiate directly with its employees regarding their terms and conditions of employment.


 **Your Right to Appeal:** You may appeal my decision to the General Counsel of the National Labor Relations Board, through the Office of Appeals.  If you appeal, you may use the enclosed Appeal Form, which is also available at www.nlrb.gov.  However, you are encouraged to also submit a complete statement of the facts and reasons why you believe my decision to dismiss your charge was incorrect.

 **Means of Filing**: An appeal may be filed electronically, by mail, or by delivery service. Filing an appeal electronically is preferred but not required.  The appeal MAY NOT be filed by fax.  To file an appeal electronically, go to the Agency's website at [www.nlrb.gov](www.nlrb.gov), click on **File Case Documents,** enter the NLRB Case Number, and follow the detailed instructions.  To file an appeal by mail or delivery service, address the appeal to the General Counsel at the National

All Steel Construction, Inc.          - 3 -          March 29, 2012
Case 17-CA-072271

Labor Relations Board, Attn: Office of Appeals, 1099 14th Street, N.W., Washington D.C. 20570-0001.  Unless filed electronically, a copy of the appeal should also be sent to me.

    **Appeal Due Date:** The appeal is due on April 12, 2012. If you file the appeal electronically, we will consider it timely filed if you send the appeal together with any other documents you want us to consider through the Agency's website so the transmission is completed by **no later than 11:59 p.m. Eastern Time** on the due date.  If you mail the appeal or send it by a delivery service, it must be received by the Office of Appeals in Washington, D.C. by the close of business at **5:00 p.m. Eastern Time** or be postmarked or given to the delivery service no later than April 11, 2012.

    **Extension of Time to File Appeal:** Upon good cause shown, the General Counsel may grant you an extension of time to file the appeal.  A request for an extension of time may be filed electronically, by fax, by mail, or by delivery service.  To file electronically, go to www.nlrb.gov, click on **File Case Documents**, enter the NLRB Case Number and follow the detailed instructions.  The fax number is (202)273-4283.  A request for an extension of time to file an appeal **must be received on or before** April 12, 2012**.**  A request for an extension of time that is mailed or given to the delivery service and is postmarked or delivered to the service before the appeal due date but received after the appeal due date will be rejected as untimely.  Unless filed electronically, a copy of any request for extension of time should be sent to me.

    **Confidentiality:** We will not honor any claim of confidentiality or privilege or any limitations on our use of appeal statements or supporting evidence beyond those prescribed by the Federal Records Act and the Freedom of Information Act (FOIA).  Thus, we may disclose an appeal statement to a party upon request during the processing of the appeal.  If the appeal is successful, any statement or material submitted with the appeal may be introduced as evidence at a hearing before an administrative law judge.  Because the Federal Records Act requires us to keep copies of case handling documents for some years after a case closes, we may be required by the FOIA to disclose those documents absent an applicable exemption such as those that protect confidential sources, commercial/financial information, or personal privacy interests.

                                                     Very truly yours,

                                                     */s/  Daniel L. Hubbel*

                                                     DANIEL L. HUBBEL
                                                     Regional Director

Enclosure

All Steel Construction, Inc.      - 4 -      March 29, 2012
Case 17-CA-072271

cc    GENERAL COUNSEL
      OFFICE OF APPEALS
      FRANKLIN COURT BUILDING
      NATIONAL LABOR RELATIONS BOARD
      1099 14TH STREET, NW
      WASHINGTON, DC 20570

      [redacted]
      FELLERS, SNIDER, BLANKENSHIP, BAILEY & TIPPENS
      100 N BROADWAY STE 1700
      OKLAHOMA CITY OK 73102-8820

      ALL STEEL CONSTRUCTION, INC.
      5317 S EASTERN AVE
      OKLAHOMA CITY, OK 73129-9283

      OPERATING ENGINEERS LOCAL 627
      12109 E SKELLY DR
      TULSA, OK 74128-2410

Form NLRB–4767

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

**APPEAL FORM**

To:  General Counsel                                                                    Date:
     Attn: Office of Appeals
     National Labor Relations Board
     Room 8820, 1099 - 14th Street, N.W.
     Washington, DC  20570-0001

   Please be advised that an appeal is hereby taken to the General Counsel of the National Labor Relations Board from the action of the Regional Director in refusing to issue a complaint on the charge in

---

Case Name(s).

---

Case No(s). *(If more than one case number, include all case numbers in which appeal is taken.)*

---

*(Signature)*